# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 17, 2012        Decided June 12, 2012

No. 11-7097

CHEVRON CORPORATION,
APPELLEE

v.

WEINBERG GROUP,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-mc-409)

*James E. Tyrrell, Jr.* argued the cause for appellant. With him on the briefs were *Eric S. Westenberger*, *Jason W. Rockwell*, *Brendan M. Walsh*, and *Richard D. Carter*. *Gerald F. Ragland, Jr.* entered an appearance.

*Theodore J. Boutrous, Jr.* argued the cause for appellee. With him on the brief were *Peter E. Seley* and *Thomas H. Dupree, Jr.*

Before: SENTELLE, *Chief Judge*, and TATEL and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Some Ecuadorian citizens sued Chevron in an Ecuador court, alleging that Chevron was responsible for environmental damage there. To obtain expert reports in support of their case, the plaintiffs enlisted the Weinberg Group, a scientific consulting firm in Washington, D.C. Chevron was ultimately found liable in the Ecuador case.

As the proceedings in Ecuador unfolded, Chevron sued the Ecuadorian plaintiffs and their attorneys in the U.S. District Court for the Southern District of New York. Chevron claimed that the Ecuadorian plaintiffs and their attorneys had committed fraud in the proceedings in Ecuador.

As part of the New York litigation, Chevron subpoenaed documents from the Weinberg Group. Because the Weinberg Group is here in Washington, the subpoena was issued from the U.S. District Court for the District of Columbia. *See* Fed. R. Civ. P. 45.

The Weinberg Group asserted the attorney-client and work product privileges over some of the documents responsive to the subpoena. In the D.C. district court, Chevron moved to compel production of those documents. Chevron contended that the documents fell within the crime-fraud exception to the attorney-client and work product privileges.

The D.C. district court found that the crime-fraud exception applied and granted Chevron's motion to compel. In so doing, the D.C. district court relied almost entirely on a decision in favor of Chevron by the New York district court in the underlying fraud litigation. *See Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581 (S.D.N.Y. 2011). While the Weinberg Group's appeal to this court was pending, however, the Second Circuit reversed the decision of the New York

district court. *See Chevron Corp. v. Naranjo*, 667 F.3d 232, 247 (2d Cir. 2012).

Given that the D.C. district court relied on the decision of the New York district court and that the New York district court's decision was subsequently reversed by the Second Circuit, we must vacate the D.C. district court's decision and remand.

To be sure, the D.C. district court added in the alternative that even "if the question were an open one," it would find "the evidence marshaled" by the New York district court to be "more than sufficient evidence of a prima facie case that the Weinberg Group's work was part of a fraud upon the Ecuadorian court." *Chevron Corp. v. Weinberg Group*, No. 11-mc-409, slip op. at 8 (D.D.C. Sept. 8, 2011). But the D.C. district court did not independently explain what facts would support that conclusion (no doubt because the D.C. district court principally relied on the extant New York district court decision). Moreover, it is not clear that the D.C. district court applied the crime-fraud tests set forth by this court's cases. We therefore cannot rely on the D.C. district court's statement in the alternative to affirm the order here.

\* \* \*

We vacate the district court's order and remand for further proceedings consistent with this opinion.

*So ordered.*